UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KENNETH C. JENSEN, | ) | CASE NO. C10-1731-RSM-MAT |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| ATTORNEY GENERAL ROB MCKENNA, | ) | |
| Respondent. | ) | |

Petitioner, proceeding *pro se*, submitted a 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 1.) He seeks to challenge his conviction of Second Degree Manslaughter, with a weapon enhancement, in Snohomish County Superior Court in September 2005. However, petitioner makes clear on the face of the petition that he has been released from custody. (Dkt. 1 at 1.) He notes that he will "be subject to confinement at trial judge's discretion" at the time his restitution is due in the year 2012. (*Id*. at 1, 13.)

In order to bring a § 2254 action, a petitioner must be "in custody" for the conviction he attacks. 28 U.S.C. § 2254(a). *See also Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010) (§

ORDER TO SHOW CAUSE
PAGE -1

2254(a) "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody.")  "The custody requirement . . . is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).  The "in custody" requirement of § 2254(a) is jurisdictional and, therefore, must be considered at the outset by the Court.  *Bailey*, 599 F.3d at 977 (citing *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998)).

A § 2254 petitioner must be in custody at the time the habeas petition is filed.  *Id.* at 979 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).  However, "the petitioner's 'subsequent release from custody does not itself deprive the federal habeas court of its statutory jurisdiction.'"  *Id.* (quoting *Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir. 1983)).  "[T]o satisfy the custody requirement, petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Dow v. Circuit Court*, 995 F.2d 922, 923 (9th Cir.1993) (quoting *Jones v. Cunningham*, 471 U.S. 236, 240 (1963)).

A restitution order does not satisfy § 2254's jurisdictional requirements.  *Bailey*, 599 F.3d at 979.  Nor does the threat of confinement resulting from the failure to pay restitution suffice to establish custody.  *Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir. 1975).  "While every criminal fine raises the possibility of confinement if not paid, such potential confinement is considered too speculative to warrant federal habeas corpus protection." *Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (per curiam) (citing *Edmunds*, 509 F.3d at 41).  Until confinement is "imminent" there can be no justification for use of the habeas corpus remedy.  *Edmunds*, 509 F.2d at 41 (citing *Hensley*, 411 U.S. at 352).

In this case, petitioner states that he has "no way to pay" the restitution due.  (Dkt. 1 at

ORDER TO SHOW CAUSE
PAGE -2

13.)  However, petitioner concedes that the restitution is not due until August 2012 and that the possibility of his confinement lies in the discretion of the trial judge.  (*Id*. at 13.)  Because the threat of petitioner's confinement remains "no more than a speculative possibility[,]" it is insufficient to establish custody.  *Edmunds*, 509 F.2d at 41 (citing *Hensley*, 411 U.S. at 352). The Court also notes that the petition lacks the necessary nexus between the claim, attacking petitioner's conviction on double jeopardy grounds, and the unlawful nature of the custody, relying, insufficiently, on the restitution order.  *See*, *e.g.*, *Bailey*, 599 F.3d at 979-81 (rejecting habeas challenge to restitution order even though the petitioner was in physical custody at the time of filing because the challenge to the restitution order lacked any nexus to the custody).

Given the above, it appears that petitioner's habeas petition should be dismissed for lack of subject matter jurisdiction.  However, the exact components of petitioner's sentence remain unclear.  Custody can be demonstrated, for example, by a showing that a petitioner is on probation, *see*, *e.g.*, *United States v. Spawr Optical Research, Inc*., 864 F.2d 1467, 1470 (9th Cir. 1988), parole, *see*, *e.g.*, *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963), or supervised release, *see*, *e.g.*, *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).

Petitioner states on the face of his petition that he is "[p]resently free under Court Jurisdiction, restraint—restitution, subject to confinement 2012 when entire rest. is due." (Dkt. 1 at 1.)  To the extent petitioner remains under court jurisdiction only in relation to the restitution due, the petition is subject to dismissal for the reasons outlined above.  However, if petitioner is subject to some other type of court-imposed significant restraint on his liberty, he should advise the Court in responding to this Order.

Petitioner is hereby ORDERED to show cause why this petition should not be dismissed

ORDER TO SHOW CAUSE
PAGE -3

01 within **thirty (30) days** of the date of this Order.   The Clerk is directed to send a copy of this

02 Order to petitioner and to the Honorable Ricardo S. Martinez.

03         DATED this 17th day of November, 2010.

04

05                                         /s/ Mary Alice Theiler
                                            Mary Alice Theiler
06                                          United States Magistrate Judge

ORDER TO SHOW CAUSE
PAGE -4